IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PANKAJ KUMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| TECH MAHINDRA (AMERICAS), INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Serve:** | ) | |
| **CSC-Lawyers Incorporating Service Co.** | ) | |
| **221 Bolivar** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Pankaj Kumar ("Kumar"), by and through his undersigned counsel, and for his Complaint against Defendant Tech Mahindra (Americas), Inc. ("Tech Mahindra"), hereby states and alleges as follows:

1. Tech Mahindra is an information technology consulting, business process outsourcing, and network technology services company that operates in Missouri and across the nation. Tech Mahindra's practice is to deny overtime pay to its workforce that provides computer application and network environment support by misclassifying them as exempt from overtime laws, and causing or permitting them to work in excess of forty (40) hours per week. Tech Mahindra's deliberate failure to pay its software engineers earned overtime pay violates the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

2. Kumar currently works for Tech Mahindra and has worked in application support without receiving overtime compensation. This lawsuit is brought under the FLSA and Missouri law to recover unpaid overtime compensation owed to Kumar.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Kumar's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has personal jurisdiction over Tech Mahindra because Tech Mahindra conducts business within this District. This Court has jurisdiction over Kumar's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Tech Mahindra is a New Jersey corporation registered to conduct business in Missouri and is doing business in this District. Tech Mahindra's principal place of business is 4965 Preston Park Boulevard, Plano, Texas.

6. Kumar is a resident of St. Louis County, Missouri. At relevant times over the past three (3) years, Kumar was employed by Tech Mahindra as a software test engineer in St. Louis, Missouri.

## GENERAL ALLEGATIONS

7. Tech Mahindra hired Kumar in or about November 2009. His initial job title was software tester. In February 2014, Tech Mahindra changed Kumar's title to software test engineer.

8.     On or about April 4, 2014, Tech Mahindra assigned Kumar to perform job duties different from those he had been performing under the software test engineer job title.  In the new role, Kumar primarily troubleshot issues raised by the test teams, who monitor computer test environments to ensure that computer applications, systems and servers function properly for Tech Mahindra's customers.

9.     Beginning on or about April 4, 2014, Kumar's troubleshooting work primarily consisted of rote tasks that required neither independent discretion nor specialized skill.  Kumar mainly encountered issues with testers not using correct environment parameters, which could be addressed by Kumar checking a matrix document and passing the correct values from that document to the test team.  The other prominent issues he addressed were the test environment not functioning, which he fixed by re-starting the servers in accordance with written procedures, and configuration problems, which he resolved by getting help from the application programmers and Tech Mahindra's development team.

10.    Beginning on or about April 4, 2014, Kumar's other primary duties consisted of code deployment and compiling production plans.  For the code deployment work function, Kumar simply copied the code provided by application programmers and the development team to the test environment.  He did not design, develop, analyze, modify or write any code.

11.    For the production plans component of his job, Kumar reduced instructions provided by the development team into a document that production support teams follow to make changes in the environment.  He did not design, develop, analyze, modify or create any of the instructions that comprised the production plan document—he merely compiled the information into a working document.

12. Between April 4, 2014 and January 4, 2015, Tech Mahindra required or permitted Kumar to work in excess of forty (40) hours per week on a regular basis.

13. On or about January 4, 2015, Tech Mahindra re-assigned Kumar to a different job with different work functions.

14. The FLSA requires covered employers, such as Tech Mahindra, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

15. Kumar did not perform duties during the period April 4, 2014 through January 4, 2015 that would fall under the computer employee exemption as set forth in 29 C.F.R. § 541.400(b). He did not engage in systems analysis, and he certainly did not do so to determine hardware, software or system functional specifications. Similarly, he did not design, develop, document, analyze, test, modify or create computer systems or programs.

16. The United States Department of Labor's Wage and Hour Division has stated that "[m]aintaining a computer system and testing by various systematic routines to see that a particular piece of computer equipment or computer application is working properly according to the specifications designed by others are examples of work that lacks the requisite exercise of discretion and independent judgment within the meaning of the administrative exemption." *WH Admin. Op. FLSA 2006-42 (Oct. 26, 2006).*

17. This description encapsulates Kumar's work from April 4, 2014 through January 4, 2015—his primary duties did not require the exercise of discretion or independent judgment with respect to matters of significance to Tech Mahindra. He primarily followed written procedures established by others to resolve issues or effect changes to the test environment.

18. In addition, at least one other employee at Tech Mahindra currently performs nearly identical duties to those Mr. Kumar performed from April 4, 2014 through January 4, 2015. Tech Mahindra has classified said employee's work as non-exempt. Although Tech Mahindra has now categorized the work as non-exempt, it has refused to compensate Kumar for the substantial overtime he worked from April 4, 2014 through January 4, 2015.

19. Between April 4, 2014 and January 4, 2015, Tech Mahindra paid Kumar a salary of $66,373 per year, which equates to $31.91 per hour.

20. During the period April 4, 2014 and January 4, 2015, Kumar's work often caused him to work in excess of forty (40) hours per week. In sum, he worked approximately 1,210 hours of overtime during said period.

21. During that period, moreover, Kumar repeatedly raised the issue of overtime work and pay with his supervisor, Alok Ranjan ("Ranjan"). Ranjan put Kumar off again and again, responding that he would address the issue with Kumar later. After Ranjan failed to address the matter with Kumar, he contacted Tech Mahindra's Human Resources department.

22. Kumar contacted Amit Suryawanshi in Human Resources to inquire as to whether Tech Mahindra would pay him overtime compensation for the substantial overtime he worked from April 4, 2014 through January 4, 2015. In response, Tech Mahindra declared that the work Kumar performed is only non-exempt for employees *after* November 9, 2015.

23. At one point in Kumar's process of trying to get Tech Mahindra to address the issue of unpaid overtime compensation, Ranjan emailed Kumar and stated "I suggest you, not to [*sic*] document any OT separately as it actually has no relevance."

24. Tech Mahindra has not properly compensated Kumar for his overtime work during the period April 4, 2014 from January 4, 2015.

25. Tech Mahindra knew or had reason to know Kumar worked overtime frequently during the period April 4, 2014 until January 4, 2015, and knew or should have known of its obligation to pay him at a rate of not less than one and one-half his regular rate of pay for work performed in excess of forty (40) hours in a work week. Nevertheless, Tech Mahindra failed to properly compensate Kumar for his overtime work.

26. Tech Mahindra willfully failed to pay overtime compensation and, upon information and belief, willfully failed to keep accurate time records to reduce payroll costs. Tech Mahindra has enjoyed ill-gained profits at the expense of Kumar.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

27. Kumar re-alleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

28. At all times relevant herein, Kumar has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

29. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. At all relevant times, Tech Mahindra has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Tech Mahindra has or had employed "employee[s]," including Kumar. At all relevant times, Kumar was engaged in commerce and/or worked for Tech Mahindra, which was an enterprise engaged in commerce. At all relevant times, Tech Mahindra has had gross operating revenues in excess of $500,000.00.

31. Tech Mahindra violated the FLSA by failing to pay Kumar overtime compensation in the amount of one and one-half times his regular rate of pay in accordance with 29 U.S.C. § 207(a)(1).

32. Upon information and belief, in the course of perpetrating these unlawful practices on Kumar, Tech Mahindra willfully failed to keep accurate records of all hours worked by Kumar.

33. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Kumar.

34. Kumar is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing April 4, 2014 and January 4, 2015 of this Complaint, plus periods of equitable tolling, because Tech Mahindra acted willfully and knew that its conduct was prohibited by the FLSA, or displayed reckless disregard of whether its conduct was unlawful.

35. Tech Mahindra has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Kumar is entitled to recover an award of liquidated damages, in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

36. Kumar seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

37. Kumar seeks recovery of all attorneys' fees, costs, and expenses of this action, to

be paid by Tech Mahindra, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Kumar prays for judgment against Tech Mahindra under Count I of the Complaint and prays for: (1) compensatory damages for all overtime compensation due; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as this Court deems fair and equitable.

## COUNT II

## UNJUST ENRICHMENT

38. Kumar re-alleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

39. Tech Mahindra has been enriched through making deficient payments for work performed by Plaintiff. Tech Mahindra was enriched at the expense of Kumar because Kumar was not properly compensated for his work.

40. Tech Mahindra intentionally refused to pay Kumar at the proper rate for all hours worked and for time worked in excess of forty (40) hours per week. Tech Mahindra knows or should know the proper rate of pay for Kumar. Such wrongful conduct demonstrates bad faith on the part of Tech Mahindra.

41. It is unjust for Tech Mahindra to retain the benefits from the unpaid work performed by Kumar.

WHEREFORE, Plaintiff prays for judgment against Tech Mahindra on Count II of the Complaint; for an award of compensatory damages; for pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief as this Court deems just and equitable.

## **COUNT III**

## **FAILURE TO PAY EARNED OVERTIME IN VIOLATION OF MISSOURI LAW**
**(Mo. Rev. Stat. § 290.500 *et seq.*)**

42. Kumar re-alleges and incorporates by reference each and every averment of this Complaint as though fully set forth therein.

43. At all times material herein, Kumar has been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500 *et seq.*

44. Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

45. Tech Mahindra is subject to the overtime pay requirements of Mo. Rev. Stat. § 290.505 because it is an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Kumar is an employee under Mo. Rev. Stat. § 290.500(3).

46. Tech Mahindra violated Mo. Rev. Stat. § 290.505 by failing to pay Kumar for overtime work.

47. Upon information and belief, in the course of perpetrating these unlawful practices, Tech Mahindra willfully failed to keep accurate records of all hours worked by employees, including Kumar, as required by Mo. Rev. Stat. § 290.520.

48. Kumar is entitled to damages equal to the amount of unpaid wages for overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

49. Tech Mahindra acted in bad faith and without reasonable grounds to believe its actions and omissions were compliant with Mo. Rev. Stat. § 290.505. As a result thereof, Kumar is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid

9

overtime pay pursuant to Mo. Rev. Stat. § 290.505.

50. As a result of these willful violations of the overtime provisions under Mo. Rev. Stat. § 290.505, overtime compensation has been unlawfully withheld by Tech Mahindra from Kumar for which Defendant is liable pursuant to Mo. Rev. Stat. §§ 290.505 and 290.527, along with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Kumar prays for judgment against Tech Mahindra under Count III of the Complaint and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) prejudgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Kumar hereby requests a trial by jury as to all issues triable by jury.

Respectfully Submitted,

SEDEY HARPER WESTHOFF, P.C.
Attorneys for Plaintiff

*/s/ Benjamin F. Westhoff*
Benjamin F. Westhoff, #53047
Jessica M. Scales, #64136
2711 Clifton Ave.
St. Louis, MO 63139
314/773-3566 (phone)
314/773-3615 (fax)