# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PANKAJ KUMAR, individually and on behalf of all other similarly situated individuals, ) ) ) ) Plaintiff, ) ) vs. ) ) ) TECH MAHINDRA (AMERICAS) INC., ) ) Defendant. ) | Case No. 4:16-cv-00905-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Pankaj Kumar's Motion for Conditional Class Certification and Court-Authorized Notice (Doc. 39). The Motion is fully briefed and ready for disposition (Docs. 44-45). For the following reasons, the motion will be granted in part.

**Background**

On June 20, 2016, Plaintiff Pankaj Kumar filed his original complaint against Defendant Tech Mahindra (Americas) Inc. ("Tech Mahindra"), asserting individual unpaid-overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201, et seq., and Missouri statutory and common law (Doc. 1). Tech Mahindra is an information technology consulting, business process outsourcing, and network technology services company (Id. at ¶5).

On October 5, 2016, Kumar amended his complaint to bring his claims on behalf of himself and others similarly situated, attaching a written consent to become a party plaintiff (Doc. 16). In Count I of his amended complaint, Kumar brings an "opt-in" collective action under the FLSA on behalf of the following class:

1

> All persons who are, have been or will be employed by Tech Mahindra as "Software Test Engineers" or "Software Engineers" (and other titles that provide computer application and network environment support) at any time from three (3) years prior to filing this action through the entry of judgment, and whose job it was to troubleshoot issues raised by test teams, deploy code and compile production plans.

(Id. at ¶¶33, 47-57). Counts II and III are brought as Federal Rule of Civil Procedure 23 class actions alleging violation of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500 et seq., and a state law claim of unjust enrichment (Id. at ¶¶58-70).

In his instant motion, Kumar requests the Court conditionally certify a collective action and authorize notice to the following class:

> All U1-U3 band IT Delivery Engineers employed by Tech Mahindra who were classified as exempt during any workweek at any time three (3) years prior to filing this action through the entry of judgment.

(Docs. 39.1 at 4-5; 41 at 4-5). In his revised proposed Notice, Kumar describes the proposed class as:

> Any individual who works or worked for Defendant Tech Mahindra (Americas), Inc. as a U1-U3 band IT Engineer under any of the following job titles: Associate Engineer, Associate Software Engineer, Junior Software Engineer, Junior Technical Engineer, Network Engineer, Senior Network Engineer, Product Engineer, Senior Product Engineer, Test Engineer, Senior Test Engineer, Software Engineer, or Senior Software Engineer, that were classified as exempt during any workweek at any time from June 20, 2013, to present.

(Doc. 45.2).

In response, Tech Mahindra consents to conditional certification of the class to the extent it includes U1-U3 band IT Engineers, but opposes certification of the class to the extent Kumar seeks to include all such employees who worked from June 20, 2013 (or three years prior to the date he filed his original complaint) to the present. Tech Mahindra argues that the limitations period in this case should be two years, not three, as there is no evidence that it willfully violated the FLSA. Tech Mahindra further argues that the limitations period, whether it is two years or

2

three, should be measured from the date the Court conditionally certifies the class, not from the date Plaintiff filed his original complaint, i.e., the date he initiated this case; or even the date he filed his amended complaint, i.e., the first pleading in which he sought to bring a collective action (Doc. 44 at 1, 7-8).

In reply, Kumar argues that the FLSA's three-year statute of limitations should apply because he has pled that Tech Mahindra's violation was willful, and that at this conditional-certification stage of the proceeding, no evidence of willfulness is required (Doc. 45 at 3-5). Kumar further contends that, for purposes of defining the scope of the conditionally certified FLSA class, the Court should run the limitations period from the date he initiated this action by filing his original complaint (Id. at 4-5). In Kumar's view, running the limitations period from the date the Court conditionally certifies the class would "improperly restrain the claims of the FLSA Collective members who have already filed their consent forms with the Court." (Id.). Kumar concedes that, for notice purposes, the limitations period should be calculated from the date the Court conditionally certifies the class (Id. at 4).

**Conditional Certification – Scope of the Class**

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an "opt-in" basis, requiring employees to provide their consent in writing to join the action. Murphy v. Ajinomoto

Windsor, Inc., No. 1:15-cv-0120-JAR, 2017 WL 1194455, at *2 (E.D. Mo. Mar. 30, 2017) (citing 29 U.S.C. § 216b) and Ford v. Townsends of Arkansas, Inc., No. 4:08cv509, 2010 WL 1433455, at *8 (E.D. Ark. Apr. 9, 2010)).

The FLSA does not define the term "similarly situated." Id. (citing Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007)). Moreover, the Eighth Circuit has not yet decided the standard for determining whether employees are "similarly situated." District courts in this circuit, however, consistently apply a two-step analysis to the question of conditional certification. See, e.g., Kennedy v. Boulevard Bank, No. 4:12CV40 JCH, 2012 WL 3637766, at *2 (E.D. Mo. August 22, 2012); Ondes v. Monsanto Co., No. 4:11CV197 JAR, 2011 WL 6152858, at *2 (E.D. Mo. Dec. 12, 2011); Perrin v. Papa John's Intern., Inc. , No. 4:09CV1335 AGF, 2011 WL 4089251, at *2 (E.D. Mo. Sept. 14, 2011); Beasely v. GC Servs. LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); and Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010).

Under this two-step process, the plaintiff first moves for class certification at an early stage in the litigation. Murphy, 2017 WL 1194455, at *2 (citing Kautsch, 504 F. Supp. 2d at 688). A plaintiff's burden when seeking conditional certification is not onerous and the merits of a plaintiff's claims are not considered. Id. Plaintiffs can meet this burden by making a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan. Id. (citing Ondes, 2011 WL 6152858, at *3). The plaintiff "need not show that members of the conditionally certified class are actually similarly situated." Id. (citing Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010)). The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial

4

stage. Id. (citing Perrin, 2011 WL 4089251, at *3). "Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in." Id.

The second step of the process occurs when the defendant moves to decertify the class. Ford, 2010 WL 1433455, at *3; Beasley, 270 F.R.D. at 444; Dernovish, 2010 WL 143692, at *1. This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. "If the claims are not similarly situated, the Court decertifies the class and the opt-in plaintiffs are dismissed without prejudice." Garner v. Regis Corp., No. 03-5037, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5, 2004) (citation omitted).

Tech Mahindra does not dispute that Kumar has met the modest showing required to conditionally certify the proposed class of U1-U3 band IT Delivery Engineers. The Court agrees with the parties that Kumar has met his burden, and will conditionally certify the class to the extent it includes U1-U3 band IT Delivery Engineers. The Court further concludes that a three-year certification period is appropriate, as Kumar pled a willful FLSA violation in his amended petition. See 29 U.S.C. § 255(a) (statute of limitations); Getchman v. Pyramid Consulting, Inc., No. 4:16-CV-1208-CDP, 2017 WL 713034, at *5 (E.D. Mo. Feb. 23, 2017) (citations omitted); Shanks v. St. Louis Cty., No. 4:14-CV-1599-HEA, 2016 WL 659103, at *3 (E.D. Mo. Feb. 18, 2016) (citing White v. 14051 Manchester, Inc., No. 4:12CV469 JAR, 2012 WL 5994263, at *6-7 (E.D. Mo. Nov. 30, 2012)).

However, the Court concludes that the certification period should run from October 5, 2016. In a collective action under the FLSA, an individual claimant's action is considered commenced for purposes of determining the timeliness of his or her claim either:

(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256; see also 29 U.S.C. § 216(b); Acosta v. Tyson Foods, Inc., 800 F.3d 468, 471-72 (8th Cir. 2015). Here, Kumar first purported to bring a collective FLSA action and filed his written consent to be a party plaintiff on October 5, 2016 (Doc. 16). As such, the certification period for his claim runs from that date, and the earliest possible cut-off date for eligible claims by opt-in plaintiffs is October 5, 2013. Some opt-in plaintiffs have already filed written consent forms; those plaintiffs' claims were commenced and will be tolled as of the date their forms were filed (Docs. 28-29, 32-33, 43). Claims of any additional opt-in plaintiffs will be tolled on the date their consent forms are filed with the Court. The earliest possible date that an opt-in plaintiff may have been last employed by Tech Mahindra in order to have a timely claim under the FLSA is October 5, 2013. The Court will thus conditionally certify the proposed class as modified below and with the understanding that the timeliness of individual opt-in plaintiffs' claims will be determined by the date their written consents are filed with the Court:

> All U1-U3 band IT Delivery Engineers employed by Tech Mahindra who were classified as exempt during any workweek at any time three (3) years prior to October 5, 2016 through the entry of judgment.

See Putman v. Galaxy Marketing, Inc., 276 F.R.D. 264, 276 (S.D. Iowa 2011) (retaining the earliest possible date that a potential opt-in plaintiff could have been last employed by defendant in order to have a timely FLSA claim on the notice and consent form, with the understanding that individual plaintiff's claims would be tolled when their consent forms were filed).

### Notice to potential class members

Tech Mahindra requests various modifications to Kumar's proposed Notice (Doc. 44). First, Tech Mahindra asks that the Notice begin with the following disclaimer:

> **THIS NOTICE IS FOR THE SOLE PURPOSE OF DETERMINING THE IDENTITY OF THOSE PERSONS WHO WILL BE INVOLVED IN THE LAWSUIT. THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EXPRESSES NO OPINION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR TECH MAHINDRA'S DEFENSES. THERE IS NO ASSURANCE AT THIS TIME THAT ANY RELIEF WILL BE GRANTED, NOR IF GRANTED, THE NATURE AND AMOUNT OF RELIEF.**

(Id. at 9). Kumar objects to inclusion of the disclaimer, arguing that the following disclaimer included at the bottom of the last page of its proposed notice is sufficient:

> **THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MISSOURI, THE HONORABLE JUDGE JOHN A. ROSS. THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

(Doc. 45 at 6-7). The Court concludes that the last sentence of Tech Mahindra's proposed revision is argumentative. See Murphy, 2017 WL 11194455, at *5. Therefore, the Court will order that Kumar's proposed disclaimer be substituted with the following language and included at the bottom of the last page of the Notice:

> **THIS NOTICE IS FOR THE SOLE PURPOSE OF DETERMINING THE IDENTITY OF THOSE PERSONS WHO WILL BE INVOLVED IN THE LAWSUIT. THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EXPRESSES NO OPINION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR TECH MAHINDRA (AMERICAS) INC.'S DEFENSES.**

See Cox, 2016 WL 6962508, at *4 (approving nearly identical disclaimer).

Second, Tech Mahindra objects to the definition of the class in Section II of the Notice that Kumar initially proposed (Doc. 44 at 9-10). In response, Kumar has agreed to accommodate Tech Mahindra's request that the Notice be revised to identify the twelve specific job titles that will be considered U1-U3 band IT Delivery Engineers (Doc. 45 at 5 n.2). As such, this objection will be denied as moot.

7

Third, Tech Mahindra asks that the Notice be amended to inform potential opt-in plaintiffs that they may be required to participate in substantive written discovery, appear for deposition, and/or travel to St. Louis, Missouri for depositions and/or trial (Doc. 44 at 10-11). In response, Kumar has agreed to include the following language in the Notice: "While the lawsuit is pending, you may be required to provide information, appear for a deposition or at a trial, or otherwise participate in the case." (Doc. 45 at 7-8). The Court concludes that the following language is appropriate to inform putative class members of their obligations should they join this lawsuit: "If you choose to join this lawsuit, you may be required to respond to written requests for information and documents and appear for depositions, hearings, or a trial in St. Louis, Missouri." See Volz v. Provider Plus, Inc., 2015 WL 4255614, at *3 (E.D. Mo. July 14, 2015) (approving identical language); Denney v. Lester's LLC, No. 4:12-CV-377-JCH, 2012 WL 3854466, at *6 (E.D. Mo. Sept. 5, 2012) (same). The Notice shall be modified accordingly.

Fourth, Tech Mahindra seeks to add the following language to Section III of the Notice: "If you join the lawsuit and do not prevail on your claim, court costs and expenses may possibly be assessed against you." (Doc. 44 at 10-11). Tech Mahindra opposes the request, arguing it may have a chilling effect on putative collective members (Doc. 45 at 7). Because this notice might discourage plaintiffs from joining the litigation, the request is denied. See Murphy, 2017 WL 1194455, at *5; Cox, 2016 WL 6962508, at *4 (denying a similar request); Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) (same).

Fifth, Tech Mahindra asks that telephone number and website of Kumar's counsel be removed from the Notice because their inclusion invites potential opt-in plaintiffs to contact counsel to discuss the lawsuit prior to opting-in and invades the Court's duty to control the manner and method of communication with putative class members (Doc. 44 at 11-12). The

8

Court concludes that inclusion of Kumar's counsel's telephone number and website is permissible, as there is no indication counsel's website contains information that is misleading, unnecessarily extraneous to this lawsuit, or irrelevant to providing notice to potential opt-in plaintiffs, and the Notice does not otherwise invite potential opt-in plaintiffs to contact Kumar's counsel prior to opting-in to this lawsuit. Cf. Cox, 2016 WL 6962508, at *5 (disallowing inclusion of plaintiff's counsel's firm website in notice where the website included extraneous information that was not relevant to providing notice to potential opt-in plaintiffs).

Sixth, Tech Mahindra objects to Kumar's requests to disseminate the Notice to putative class members by email and to require posting of the Notice in "all break/lunch rooms at their office locations." Tech Mahindra argues that requiring it to post the Notice in "all break/lunch rooms in their office locations" is unrealistic, as most putative class members work at client sites, not Tech Mahindra offices. Tech Mahindra claims that it does not have control over its clients' facilities or the authority to post notice in areas where it may be seen by its clients' employees, which could cause confusion. In Tech Mahindra's view, it is unnecessary to email or post the Notice because First Class mail will be adequate to effectuate notice in this case (Doc. 44 at 13-14). In response, Kumar contends that courts regularly approve dissemination of notices by email, and that, to the extent posting the Notice in employee breakrooms is not feasible, the Notice could alternatively be posted on the Tech Mahindra intranet site (Doc. 45 at 8-9). The Court concludes that, under the facts of this case, fair and proper notice to current and former U1-U3 band IT Engineers will be accomplished by regular mail, electronic mail, and posting on the Tech Mahindra intranet site. See Denney, 2012 WL 3854466, at *3-4; see also Shanks, 2016 WL 659103, at *3.

Finally, Tech Mahindra objects to Kumar's request that it provide putative class members' email addresses, arguing that such disclosure implicates privacy concerns and is not necessary to effectuate its preferred method of notice, First Class mail (Doc. 44 at 13-14). As discussed above, the Court believes that use of email is a reasonable method of effectuating notice to putative class members. Thus, the Court concludes that Tech Mahindra shall provide the following information as to each putative class member: (1) name and dates of employment; (2) addresses; and (3) email addresses. See Cox, 2016 WL 6962508, at *5 (requiring disclosure of putative class members' email addresses); Denney, 2012 WL 3854466, at *4 (same).

**Conclusion**

For the foregoing reasons, Plaintiff's motion for conditional collective action certification and court-authorized notice will be granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Pankaj Kumar's Motion for Conditional Class Certification and Court-Authorized Notice (Doc. 39) is **GRANTED** in part, and the Court conditionally certifies a class of:

> All U1-U3 band IT Delivery Engineers employed by Tech Mahindra who were classified as exempt during any workweek at any time three (3) years prior to October 5, 2016 through the entry of judgment.

**IT IS FURTHER ORDERED** that Plaintiff Pankaj Kumar is conditionally authorized to act as class representative.

**IT IS FURTHER ORDERED** that the Nichols Kaster, PLLP law firm is authorized to act as class counsel.

**IT IS FURTHER ORDERED** that Plaintiff shall file his amended proposed Notice of Lawsuit and Consent to Join Collective Action against Tech Mahindra (Americas) Inc. on or before **August 8, 2017**.

**IT IS FURTHER ORDERED** that Tech Mahindra (Americas) Inc. shall file any objections to Plaintiffs' amended proposed Notice **no later than five (5) days after it is filed**.

**IT IS FINALLY ORDERED** that Tech Mahindra (Americas) Inc. shall produce to Kumar a list of all potential class members, including their current or last known mailing addresses, dates of employment, and email addresses, if known, in a computer-readable electronic data file format, no later than **August 25, 2017**.

Dated this 26th day of July, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**