UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PANKAJ KUMAR, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> vs. <br><br> TECH MAHINDRA (AMERICAS) INC., <br><br> Defendant. | Case No. 4:16-cv-00905-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Pankaj Kumar's Motion for Leave to File a Second Amended Complaint. (Doc. 84.) Defendant Tech Mahindra (Americas), Inc. opposes the Motion. (Doc. 85.) Plaintiff has filed a reply. (Doc. 86.)

**Background**

On June 20, 2016, Plaintiff filed his original complaint, asserting that Defendant failed to pay him overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and Missouri law. (Doc. 1.) Defendant is an information-technology consulting, business process outsourcing, and network technology services company. (*Id*. at ¶ 5.)

On October 5, 2016, Plaintiff amended his complaint to bring his claims on behalf of himself and others similarly situated, attached a written consent to become a party plaintiff. (Doc. 16.) The Parties conducted limited discovery on the issue of certification of an opt-in collective

1

action under the FLSA. That phase of discovery ended on May 12, 2017. On July 26, 2017, the Court granted Plaintiff's motion to conditionally certify a class of plaintiffs defined as:

> All U1-U3 band IT Delivery Engineers employed by Tech Mahindra who were classified as exempt during any workweek at any time three (3) years prior to October 5, 2016 through the entry of judgment.

(Doc. 46.)

Thereafter, Plaintiff mailed notices to potential class members and the Parties began merits discovery. The opt-in period ended on November 6, 2017, with fifty-eight people consenting to class representation. However, the second phase of discovery was postponed while the Parties prepared for and participated in mediation. A settlement could not be reached, and discovery restarted in December.

On December 28, 2017, Plaintiff filed his Motion for Leave to Amend, seeking to add three named plaintiffs and to advance new claims under Illinois, New Jersey, and Washington law, where the new plaintiffs worked for Defendant. (Doc. 84 at 3.) Defendant opposes the motion on several grounds, including that the new state-law claims would require significant additional discovery, could expand the class by ten times, and would predominate over the federal FLSA claims. (Doc. 85.) Plaintiff asserts that he could not have known the identity of potential additional named plaintiffs until after the first phase of discovery had taken place, that his amendment is in good faith, will not prejudice Defendant, and that the new claims turn on the same facts as the claims raised in his initial complaint. (Docs. 84, 86.)

**Discussion**

Defendant first argues that Plaintiff's new state-law claims would predominate over his FLSA claims. (Doc. 85 at 3-6.) Federal courts have supplemental jurisdiction over state-law claims "that are so related to [Plaintiff's federal claim] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, courts may decline to exercise their supplemental

jurisdiction when the state-law claims "substantially predominate[] over the [federal] claim" or when the state claims raise novel or complex issues of state law. § 1367(c)(1), (2). Defendant cites *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003), in which the Third Circuit reversed a district court that exercised supplemental jurisdiction, finding that the Pennsylvania wage and hour claims predominated the FLSA claims. The Third Circuit opined that joining the 4,100 potential Pennsylvania plaintiffs to the 447 FLSA plaintiffs would "caus[e] the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." *Id.* at 310. Here, Defendant contrasts the 560 potential state-law plaintiffs with the fifty-eight opt-in plaintiffs and argues that the Court should follow the Third Circuit's lead. (Doc. 85 at 5.)

The Court is not persuaded by Defendant's argument. Although amending the complaint might lead to additional parties, the newly added state claims overlap almost entirely with the FLSA claim. Moreover, Plaintiff persuasively argues that the *De Asencio* court noted the novel and complex nature of the state law claims—an issue not raised by Defendant here. Given that the state law claims arise from the same case or controversy and are so closely related to the FLSA claims, the Court concludes that it will exercise its supplemental jurisdiction over Plaintiff's proposed new state-law claims.

Next, Defendant argues that Plaintiff has not shown good cause to amend. Plaintiff's Motion to Amend implicates both Federal Rule of Civil Procedure 15 and Rule 16(b). *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—leave should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3

However, "[w]here an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). Under Rule 16(b), district courts are required to enter a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions" and may only amend that order "for good cause." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006)).

The Court finds that Plaintiff's amendment is made in good faith, Plaintiff has been diligent in attempting to meet the requirements of the Court's scheduling order, and that the amendment will not unduly prejudice Defendant. Defendant argues that Plaintiff has not explained his delay in seeking to amend his complaint. (Doc 85 at 8-9.) The Court disagrees—Plaintiff could not have added claims based on Illinois, New Jersey, or Washington law unless and until a class member from each of those states opted in. Of course, Plaintiff could not know whether the class included members from those states until the opt-in period closed, on November 6, 2017. The Parties participated in alternative dispute resolution on December 6, 2017. The Court recognizes the practicality of putting discovery on hold to prepare for mediation and concludes that Plaintiff's amendment, filed one month later, was not unreasonably late. Likewise, the Court concludes that Plaintiff has diligently attempted to comply with the Court's scheduling order.

Defendant also argues that allowing Plaintiff to add parties and claims would prejudice Defendant and significantly delay the case. (Doc. 85 at 11-14.) Again, the Court disagrees. First, the new claims largely turn on the same core facts as the claims from the original complaint. Indeed, collective actions are decided based on representative testimony, so additional plaintiffs

4

are unlikely to require significant additional discovery, despite Defendant's argument to the contrary. That said, the Court agrees with Defendant that there may be state- or plaintiff-specific issues arising from the amendments, but the Court notes that it has discretion to amend the scheduling order for good cause should the current schedule prove unworkable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Pankaj Kumar's Motion for Leave to File a Second Amended Complaint (Doc. 84), is **GRANTED**.

**IT IS FURTHER ORDERED** that a telephone conference to discuss any scheduling issues is scheduled for Wednesday, March 14, 2018 at 11:30 p.m. Counsel is directed to call the conference toll free at **1-877-810-9415**. **The access code to enter the telephone conference for all participants is: 7519116**.

Dated this 5th day of March, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE