UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PANKAJ KUMAR, | ) |
| and | ) |
| IVAN CRADDOCK, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:16-cv-00905-JAR |
| TECH MAHINDRA (AMERICAS) INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' Joint Motion for Approval of FLSA Collective Action Settlement. (Doc. 149.)

### Background

On June 20, 2016, Named Plaintiffs Pankaj Kumar and Ivan Craddock filed suit to recoup unpaid overtime pay and sought to proceed as a collective action under the Fair Labor Standards Act ("FLSA") and as a class under the wage and hour laws of Missouri and Washington against their former employer, Defendant Tech Mahindra. (Doc. 105.) On July 26, 2017, the Court conditionally certified an FLSA collective defined as:

> All U1-U3 band IT Delivery Engineers employed by Tech Mahindra who were classified as exempt during any workweek at any time three (3) years prior to October 5, 2016 through the entry of judgment.

1

(Doc. 46.) Notices were sent to potential collective members and fifty-six individuals opted to join the suit.

On March 9, 2018, Plaintiffs moved to certify a class under Rule 23. (Doc. 95.) On March 25, 2019, the Court denied the motion and dismissed all claims other than those of the Named Plaintiffs. (Doc. 143.) The Court contemporaneously denied Defendant's request for partial summary judgment on the FLSA claims. (*Id*.)

## Settlement

On June 7, 2019, the parties agreed to settle the case. A Notice of Settlement was sent to the opt-in Plaintiffs and thirty-six were executed and timely returned. On September 27, 2019, Named Plaintiffs filed this Joint Motion for Settlement Approval and numerous supporting documents, filed under seal. (Docs. 149, 151.)

## Approval

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id*.

This Court has duly considered all of the submissions presented with respect to the proposed settlement and finds that the parties' proposal is a fair and equitable resolution of a bona fide dispute. For the reasons set forth in the parties' supporting documentation, this Court

finds the proposed settlement is in the best interests of the FLSA Collective Members in light of the benefits to the collective accruing therefrom, the substantial discovery and investigation conducted by counsel prior to the proposed settlement, and the complexity, expense, risks and probable protracted duration of further litigation including any appeal.

The Court has reviewed the terms and conditions of the parties' proposed settlement, including the gross settlement amount, request for approval of attorneys' fees, request for Named Plaintiff Service Awards, and formula for determining which portion of the remaining amount shall be distributed to each of the Named Plaintiffs and Collective Action Members who have consented to participate in the settlement. Based on these terms and conditions, and the Court's familiarity with this case, the Court finds that the proposed settlement is the result of extensive, arms-length negotiations between the parties after counsel had fully investigated the claims, including the strengths and weaknesses of Plaintiffs' claims. In addition, the parties solicited the assistance of an experienced mediator and engaged in a long negotiation that suggests that the settlement is not collusive. Based on all these factors, the Court finds that the proposed settlement has no obvious defects and is within the range of possible settlement approval such that notice and payment to the FLSA Collective as set forth in the proposed settlement is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Joint Motion for Approval of FLSA Collective Action Settlement (Doc. 149), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' request to certify an FLSA Collective for purposes of the settlement only is **GRANTED.** The Court certifies an FLSA Collective

consisting of **Named Plaintiff and the Collective Action Members**, as listed in Exhibit 1 to the Settlement Agreement.

**IT IS FURTHER ORDERED** that Plaintiffs' Counsel's unopposed request for attorneys' fees, as set forth in Plaintiff's Memorandum in Support of Joint Motion for Approval (Doc. 151), is **GRANTED**. The Court specifically finds that this was a complex, years-long case involving dozens of plaintiffs, that the outcome was unclear, that counsel undertook significant risk in pursuing the case.

**IT IS FURTHER ORDERED** that the parties' requests for costs, Named Plaintiff service payments, and a Settlement Administration Fund, as set forth in Plaintiff's Memorandum in Support of Joint Motion for Approval (Doc. 151), are **GRANTED**. The Court specifically finds that, given the involvement of the named Plaintiffs, the proposed service awards are fair and reasonable.

**IT IS FURTHER ORDERED** that within **seven (7) days** of Plaintiffs' Counsel's receipt of the settlement checks from Defendant, the parties shall file with the Court a joint stipulation of dismissal of the litigation with prejudice, and take any further action necessary for the Court to dismiss the litigation.

**IT IS FINALLY ORDERED** that the Court will retain jurisdiction over the construction, interpretation, implementation, and enforcement of the settlement, but directs the Clerk to **ADMINISTRATIVELY CLOSE** the case until such time as such issue arises.

The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

Dated this 30th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE